State v. Welton.

————o————

The State of Missouri, Respondent, vs. M. M. Welton, Appellant.

1. *Licenses—Peddlers—Constitutionality of.*—The law touching peddlers' licenses, (Wagn. Stat., p. 979, §127,) is not in conflict with the Constitution of the United States, as discriminating in favor of manufactures of this State, and against those of other States. The law simply creates a tax upon a calling, and not one in any manner upon property. The amount of the tax is not regulated by the value of the article sold.

The peddlers' license law does not attempt to regulate inter-state commerce.

*Appeal from Henry Circuit Court.*

*S. M. Smith,* for Appellant.

I. A State law discriminating in favor of its own productions, and against those of other States, whether the discrimination is called privilege, license, or any other name, is in conflict with the provisions of §§ 8, 10, Art.I, of the Constitution of the United States, and void. (State vs. Scott & North, 27 Mo., 464; Crow vs. State, 14 Mo., 237; Brown vs. Maryland, 12 Wheaton, 419; Alney vs. California, 24 Howard, 169; Crandell vs. Nevada, 6 Wall., 35; Wood-

State v. Welton.

ruff vs. Parkham, 8 Wallace, 12; Hinson vs. Lott, 8 Wall. 148; Ward vs. Maryland, 12 Wall. 418.)

II. Hence the law is void.

*H. Clay Ewing*, for Respondent.

I. The indictment is sufficient, and the appellant was properly convicted under the evidence and law. Sec. I, of Act concerning peddlers, (Wagn. Stat., 979,) is not in conflict with §§ 8, 10, Art. I, of the United States Constitution. The law does not attempt to tax property: Its object is, to require peddlers to pay license, which the legislature had a right to do. (State vs. Austin, 10 Mo., 593; State vs. Simmons, 12 Mo., 268; Nathan vs. Louisiana, 8 How., 73.)

II. There is no attempt or design to "lay imposts or duties on imports, nor to regulate commerce between the States." See dissenting opinion of Judge Napton, in Crow vs. State 14 Mo., 319; State vs. North & Scott, 27 Mo., 483, and cases there cited.

NAPTON, Judge, delivered the opinion of the court.

The defendant was indicted for selling goods without a license, and found guilty, but claimed that the Act requiring him to take out a license was unconstitutional, because it discriminated in favor of articles the growth and produce of this State. The act in question in its first section declares that "whoever shall deal in the selling of patent or other medicines, goods, wares and merchandise, except books, charts, maps and stationery, which are not the growth, produce or manufacture of this State, by going from place to place to sell the same, is declared to be a peddler." And no one is allowed to deal as a peddler without a license. The 7th section of the law provides, that the tax to be paid for such licenses shall be regulated as follows: First. If the peddler travels and carries his goods, on foot, he is to pay three dollars for a six months' license; if he uses one or more horses or other beasts of burthen, he is required to pay ten dollars for every

six months; if a cart or other land-carraige is used to convey the goods, he pays twenty dollars for every period of six months; and if the goods are conveyed on a boat or other river-vessel, he pays at the rate of one dollar per day, etc.

It is now claimed that the tax on these licenses is a discriminating tax, exempting the home-made articles, and under the guise of a license, taxing the goods which are the growth, manufacture or produce of other States, and the decisions of this court in Crow vs. State, 14 Mo., 237, and State vs. North & Scott, 27 Mo., 464, are invoked to sustain this position.

But we are unable to see the applicability of these cases to the Act concerning peddlers. If these cases were applicable, I should certainly adhere to the opinion which I gave in those cases, because the opinions there expressed are in conformity with my present views and in accordance with the views of my present associates; but it is unnecessary so to decide.

The merchants' licenses discussed in those cases, were, as they now are, mere modes of taxation upon property, and the validity of such taxation necessarily arose. The law now in question is, manifestly, simply a tax on a calling, and the amount of the tax is not affected by the value of the property authorized to be sold under it. This calling or profession is limited to the sale of merchandise, which is not the growth or manufacture of this State, and is thus defined in the Act.

The cost of the licenses is not affected at all by the value of the goods peddled, but by the mode in which the business is conducted. The peddlers, who travel on foot, are not required to pay as much for a license, as those who use horses or mules, or conveyances by land or water. There is no tax, direct or indirect, on property of any kind. The foot-peddler gets a license for a smaller sum than the wagon or steamboat peddler—although the foot peddler may have in his pack, the most costly goods, such as jewelry or lace. The law disregards the value of the goods in fixing the amount of the license.

The decisions of this court, in the cases referred to, have no bearing on this case. The case of Ward vs. Maryland, 12

Wallace, 418, decided by the Supreme Court of the United States, is also totally foreign to this case, but the intimations of Judge Clifford, who delivered the opinion in that case, sustain my positions in the cases of Crow vs. State, and State vs. North & Scott.

That case turned upon a construction of a clause in the Constitution of the United States, which provided that, "the citizens of each State should be entitled to all the privileges and immunities of citizens of other States." The law in question discriminated between citizens of Maryland and citizens of other States pursuing the same calling in Maryland, and levied a higher tax upon the non-resident peddler. But there is no such feature in our law. Whether the peddler comes from Maine or Louisiana, or has been born and lived here all his life, makes no difference in the tax he pays for a peddler's license.

The case of Crandell vs. The State of Nevada, 6 Wall., and the cases of Woodruff vs. Parkam and Hinson vs. Lott, 8 Wall. have no bearing on the points of this case. It cannot be pretended, that the statute concerning peddlers' licenses is any attempt to regulate inter-state commerce. It applies solely to the internal commerce of this State. No discrimination is made against the peddler because he comes from other States. It is merely enacted, that a peddler is one who deals in articles manufactured elsewhere than in Missouri, and he is required to take out a license. Nothing is said or enacted concerning persons who do not deal in such articles of merchandize. There are other laws which tax all the property of citizens of the State. This law is no taxation on property at all, either directly or indirectly. It is simply a tax on a calling or profession, and as such its validity cannot be questioned. (Nathan vs. Louisiana, 8 Howard, 73.)

The judgment is affirmed ; all the judges concur.