## THE STATE v. SMITHSON, *Appellant.*

DIVISION TWO.

1.  **Peddlers:** LICENSE: CONSTITUTIONALITY OF ACT.  The act requiring a license of peddlers and fixing a penalty for its violation is not in contravention of either the state or federal constitution. (R. S. 1889, secs. 7211, 7212, 7219.)

2.  ———: ———: CONSTITUTIONAL QUESTION.  No constitutional question is raised in the prosecution of one for selling medicine from place to place, and delivering the same at the time and place of sale, without having a license as a peddler, where it does not appear that the medicine so sold was manufactured beyond the limits of this state, or whether when sold it was in the original package or otherwise.

3.  ———: ———.  A person so selling medicine in this state is a peddler within the meaning of the statute.  (R. S. 1889, sec. 7211.)

*Appeal from Sullivan Circuit Court.*—Hon. G. D. BURGESS, Judge.

AFFIRMED.

The State v. Smithson.

*Craig, McCrary & Craig* for appellant.

(1) The power to regulate commerce between citizens of the different states is exclusive, and belongs to congress alone. *Welton v. State*, 91 U. S. 275; *Tiernan v. Rinker*, 102 U. S. 127; *Chy Lung v. Freeman*, 2 Otto, 275; *Railroad v. Illinois*, 118 U. S. 573; *Leisy v. Hardin*, 135 U. S. 100; *License Cases*, 5 Howard, 504. (2) Section 7218 is in contravention of article 1, section 8, of the federal constitution, as to citizens of other states selling in Missouri. *Robbins v. Taxing Dist.*, 120 U. S. 497; *Leisy v. Hardin*, 135 U. S. 100; *Gibbon v. Ogden*, 9 Wheat. 1; *Brown v. Maryland*, 12 Wheat. 419; *City v. Pelton*, 18 Pac. Rep. 954; *State v. Pratt*, 59 Otto, 590, and 9 Atl. Rep. 556. (3) S. F. Baker & Son are entitled to sell their goods in Missouri by agent or otherwise without paying a license, and whether domestic commerce is taxed or licensed would make no difference. *Robbins v. Taxing Dist.*, 120 U. S. 497; *Corson v. Maryland*, 120 U. S. 502; *State v. Pratt*, 59 Vt. 590; *Hardware Co. v. Guire*, 2 South. Rep. 592; *State v. Agee*, 3 South. Rep. 856; *Brown v. Maryland*, 12 Wheat. 419; *Bowman v. Railroad*, 125 U. S. 465. (4) The right to bring into one state from another an article of commerce is a vested right, and no state can tax it. *Lot v. Hinson*, 8 Wall. 150; *Bowman v. Railroad*, 125 U. S. 501; *Brown v. Maryland*, 12 Wheat. 447; *Railroad v. Illinois*, 118 U. S. 573. (5) Such commerce as was carried on by S. F. Baker & Son by I. N. Smithson, the defendant, is not subject to state taxation, even though there be a discrimination between it and domestic commerce. *Robbins v. Tax. Dist.*, 120 U. S. 497; *Corson v. Maryland*, 120 U. S. 502; *Leisy v. Hardin*, 135 U. S. 100.

*John M. Wood*, Attorney General, for the State.

As the question involved in this case was passed upon by this court in the case of *State v. Emert*, 103

Mo. 241, the case will be submitted upon the authority of that case.

GANTT, P. J.—Defendant was prosecuted upon information before a justice of the peace in Sullivan county, Missouri. The cause was taken to the circuit court and there heard upon the following agreed statement of facts, made by the prosecuting attorney and the counsel for the defendant:

"AGREEMENT.

"STATE OF MISSOURI,  }
                       } ss.
"Sullivan County,      }

> "State of Missouri  }
>          v.         } Peddling without a license.
> "I. N. Smithson.    }

"Whereas, I. N. Smithson has been arrested by the constable of Jackson township, county of Sullivan, state of Missouri, on a warrant and information sworn out before J. C. Watson, justice of the peace, in and for said township, and whereas, a question of law is the only question involved, and the facts are substantially agreed to. Therefore, it is agreed, by and between the parties hereto, that said I. N. Smithson has, without license, sold and delivered, at the time and place of sale, medicine in Sullivan county, Missouri, traveling from place to place in a two-horse wagon; that said I. N. Smithson is an employe, or traveling salesman of S. F. Baker & Son, of Keokuk, Lee county, in the state of Iowa, working on a salary by the year; that the property he sold, as above set out, is the property of S. F. Baker & Son; that said S. F. Baker & Son are manufacturers of proprietary medicines, residing in the state of Iowa, and sell the same by use of traveling salesmen, such as I. N. Smithson. It is further agreed that this case shall be submitted on this agreed statement of facts to the circuit court, at its next term, held

on the third Monday in May, 1889, at Milan, Missouri, and that, pending this case, said I. N. Smithson shall go on with his business in Sullivan county, and in case the decision is adverse to said I. N. Smithson, and the circuit court should hold he was liable to the license law under which he was arrested, then said I. N. Smithson shall take out a license dating back to the time when he began to do business in Sullivan county, viz., February 7, 1889, and he agrees to pay said license, reserving the right to an appeal to the supreme court of Missouri and supreme court of the United States. Said Smithson is a resident of Iowa and sells from samples of medicines left with the purchasers and circulars left in advertising.

"CRAIG, McCRARY & CRAIG,

"Attorneys for I. N. Smithson, defendant.

"D. M. WILSON,

"Prosecuting Attorney, Sullivan county, Missouri."

On this agreed statement of facts the matter came up for trial before Judge BURGESS, of the circuit court at Milan, Missouri, on the twenty-fifth day of May, 1889, and defendant was fined $50. From this judgment he has appealed to this court on the ground that a constitutional question is involved.

Prior to the year 1877, the first section of chapter 106, 2 Wagner's Missouri Statutes, entitled "peddlers' licenses," was as follows: "Whoever shall deal in the selling of patent or other medicines, goods, wares and merchandise, except books, charts, maps and stationery, *which are not the growth, produce or manufacture of this state,* by going from place to place to sell the same, is declared to be a peddler." Section 2 provided no person should deal as a peddler without a license, and section 7 fixed the license tax on all peddlers' licenses.

In 1874, Welton was indicted in Henry county, Missouri, for selling goods as a peddler without a license. He claimed that the above-quoted statute was

unconstitutional because it discriminated in favor of articles *the growth and produce of this state.* This court held the law was not in conflict with the constitution of the United States as discriminating in favor of manufacturers of this state. *State v. Welton*, 55 Mo. 288. But the defendant Welton appealed the cause to the supreme court of the United States, and that court, in 91 U. S. 275, held that a license tax required for the sale of goods is in effect a tax upon the goods themselves; that power was vested in congress to insure uniformity of commercial relations against discriminating state legislation, and that this statute of Missouri was one discriminating against persons dealing in goods and merchandise not the growth or produce of the state, and was in conflict with the power vested in congress to regulate commerce among the states.

In deference, presumably, to this decision of the supreme court of the United States, the statute was amended in 1877, so that it now reads: Section 7211. "Whoever shall deal in the selling of patents, patent rights, patent or other medicines, lightning rods, goods, wares or merchandise, except books, charts, maps and stationery, by going from place to place to sell the same, is declared to be a peddler." Section 7212 provides that no person shall deal as a peddler without a license. Section 7217 fixes the license fee for peddling in a cart or other land carriage, $20 for six months. Section 7219 fixes a penalty of $50 for dealing as a peddler with horse and wagon, without license.

By the amendment of the statute the discriminating feature has been eliminated, and it would seem it is no longer open to the objection upon which it was held unconstitutional.

In the case of *State v. Emert*, 103 Mo. 241, upon a review of all the decisions, this court held that the present statute "makes no distinction between articles manufactured and owned by residents of other states and those manufactured and owned by residents of this

state, and is not in conflict with section 1, of article 8, of the constitution of the United States.''

The acts of the defendant constituted him a peddler within the statute, section 7211. That the state has the right to require a license tax on different occupations is, we think, well settled both by state and federal decisions. *Machine Co. v. Gage*, 100 U. S. 676; *Simmons v. State*, 12 Mo. 271; *St. Louis v. Laughlin*, 49 Mo. 559; *St. Louis v. Sternberg*, 69 Mo. 289.

Defendant insists, however, that the state of Missouri cannot exact a license of him as a condition precedent to his right to sell under the facts disclosed in the agreed state of case. Questions like this require the greatest care and deliberation. Many of these questions have been settled as pointed out by Judge MACFARLANE in *State v. Emert*, *supra*. We do not think that the defendant has raised a constitutional question on the admitted facts. It does not appear that the medicines he was selling were manufactured beyond the limits of this state. It does not appear, if they were so manufactured or compounded, when, or in what shape, or what size packages they were transported into this state; nor are we informed in what size packages he was selling these, whether in the original package or otherwise. Indeed, only inferentially can we surmise they were the products of S. F. Baker & Co.'s own compounding. That firm might have bought a drug store in this state. They manufactured medicines in Iowa, but were these medicines that were sold by defendant in Sullivan county some of their manufacture? If so, when sold were they in the original package in which they were brought into this state? The answer to these questions might bring up a federal question, but, until then, we see no reason for entering upon a discussion that is always more or less delicate. We decide the case upon grounds that we think are clear, and have no disposition to discuss matters not in the record.

We hold the act requiring a license of peddlers constitutional, and that defendant was a peddler within the meaning of that law, and, as he was pursuing this avocation without having conformed. to the law, we affirm the judgment of the circuit court.   All concur.