## THE STATE v. PARSONS, *Appellant.*

### Division Two, November 5, 1894.

1. **Peddler:** STATUTE. One going from place to place selling medicine and delivering the same at the time and place of sale is a peddler within the meaning of Revised Statutes, 1889, section 7211. *(State v. Smithson, 106 Mo. 149, followed.)*

2. ———: LICENSE: REGULATION OF COMMERCE. A peddler vending single bottles of medicine manufactured in another state and which were taken from a box in which several bottles were separately wrapped and shipped into this state can not invoke the commerce clause of the federal constitution as against Revised Statutes, 1889, section 7211, defining a peddler and imposing a fine for dealing as such without a license.

3. ———: ———: BURDEN OF PROOF. The burden is on defendant to prove his license in a prosecution for peddling without a license.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*L. R. Knowles* and *McCrary & Craig* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. *Leisy v. Hardin*, 135 U. S.

The State v. Parsons.

100; *Welton v. State*, 91 U. S. 275; *Bowman v. Railroad*, 125 U. S. 65; *Railroad v. Hensen*, 95 U. S. 469; *Cochran v. Winters*, 10 L. R. A. 616.   (2) Under section 8, article 1, of the constitution of the United States, the court should have instructed the jury to find the defendant not guilty.   *Welton v. State*, 91 U. S. 275; *Robbuss v. Taxing District*, 120 U. S. 497; *Railroad v. Illinois*, 118 U. S. 573; *Leisy v. Hardin*, 135 U. S. 100; *Brown v. Houston*, 114 U. S. 631; *License Cases*, 5 Howard, 504; *Tierman v. Rinker*, 102 U. S. 127; *Crandall v. Nevada*, 6 Wallace, 35; *Hall v. DeCuir*, 94 U. S. 485; *Hardware Co. v. McGuin*, 2 S. Rep. 586; *State v. McGee*, 3 S. Rep. 856; *Corbon v. Maryland*, 7 S. C. Rep. 655.   (3) The court erred in not instructing the jury that it was incumbent upon the state to prove that defendant had not paid the license required and having failed to so prove defendant should have been acquitted.   *May v. State*, 9 Ala. 167.   (4) The power to regulate commerce between citizens of different states is exclusive and belongs to congress alone.   *Leisy v. Hardin*, 135 U. S. 100; *Welton v. Mo.*, 91 U. S. 275; and cases cited above.   (5) Section 7812, Revised Statutes of Missouri, is in contravention of article 1, section 8, of the federal constitution, as to defendant, a citizen of Iowa, selling in the original package in Missouri, and the size of the package makes no difference.   *Leisy v. Hardin*, 135 U. S. 100; *Cochran v. Winters*, 44 Kan. 723; *Re Beine*, 42 Fed. Rep. 545; *Hardware Co., v. McGure*, 2 S. Rep. 592; *Brown v. Maryland*, 12 Wheaton, 419; *Chy Lung v. Freeman*, 2 Otto, 275; *Fort Scott v. Petton*, 18 Pac. Rep. 954; *Gibbons v. Ogden*, 9 Wheaton, 1; *State v. Pratt*, 9 Atl. Rep. 556, and note; *Pierson v. Distillery*, 34 N. W. Rep. 1; *Passenger Cases*, 7 Howard, 283.   (6) That S. F. Baker & Company, the principal of defendant Parsons, are entitled to sell their goods in

Missouri by agent or otherwise, without paying a license therefor, whether domestic commerce is taxed or licensed, makes no difference.  9 Am. and Eng. Encyclopedia of Law, 308; *Leisy v. Hardin*, 135 U. S. 100; *Cochran v. Winters*, 10 L. R. A. 616; *Robbins v. Taxing District*, 120 U. S. 497.  (7) The right to bring into one state from another an article of commerce is a vested right and no state can tax it.  *Lot v. Henison*, 8 Wall. 150; *Bowman v. Railroad*, 125 U. S. 444; *Brown v. Maryland*, 12 Wheaton, 447; *Railroad v. Illinois*, 118 U. S. 573; *Ex Parte Murray*, 3 Interstate Commerce Rep. 574; *Wind v. Maryland*, 12 Wallace, 418.

*R. F. Walker*, Attorney General, for the state.

(1) The appellant was liable under the penalty prescribed in section 7218, Revised Statutes, 1889. The medicine was received by the appellant in boxes and offered for sale by him in bottles.  It was, therefore, not in such "original packages" as is contemplated by the section of the federal constitution invoked by the appellant.  An "original package" within the meaning of the interstate commerce regulation (section 8, article 1, constitution of United States) is an unbroken package imported into a state from another state or a foreign country, before it becomes, by sale or otherwise, a part of the general mass of property in the state. *Leisy v. Hardin*, 135 U. S. 100.  (2) The state was not required to prove that the appellant had no license.  If the appellant had a license it was a matter particularly within his knowledge, and if he relied upon it as a defense he should have produced it. *State v. Edwards*, 60 Mo. 490; *Schmidt v. State*, 14 Mo. 137; *Wheat v. State*, 6 Mo. 455.  (3) The rule is, that when the subject-matter of a negative averment lies particularly

within the knowledge of the other party, the averment is taken as true, unless disproved by that party. 1 Greenleaf on Evidence [14 Ed.], sec. 79; *State v. Wilson*, 39 Mo. App. 114; *State v. Finn*, 38 Mo. App. 508.

Burgess, J.—At the August term, 1893, of the circuit court of Holt county, Missouri, the defendant was convicted and fined $50, under an information filed against him before a justice of the peace of said county by the prosecuting attorney thereof, charging him with dealing as a peddler without a license. He was convicted before the justice, from whose judgment he appealed to the circuit court.

The offense is charged to have been committed in said county in the month of June, 1893, at which time defendant was a resident of the state of Iowa, and was selling medicine by the bottle as the agent or employee of the S. F. Baker Company of Keokuk, Iowa, by whom the medicine was manufactured in that place and shipped to defendant in boxes as he might need it for sale. The cause is in this court on defendant's appeal.

At the close of the evidence the court instructed the jury as follows.

"The jury are instructed that if they believe from the evidence that if the defendant did at the county of Holt, and the state of Missouri, on or about the seventeenth day of June, 1893, deal in the selling of medicine by going from place to place to sell the same, that he did then and there use a two-horse wagon for that purpose without then and there having a peddler's license permitting him so to do, you will find the defendant guilty as charged in the third count of the information and assess his penalty at a fine of $50.

"The defendant is presumed to be innocent of the offense charged, and, unless you believe from the evi-

dence, and that beyond a reasonable doubt, that the state has established the guilt of the defendant as charged you will acquit him, but a doubt to authorize an acquittal should be a substantial doubt of defendant's guilt and not a mere probability of his innocence."

The defendant then interposed the following demurrer to the evidence.

"*First*. Because the evidence fails to disclose facts sufficient to convict. *Second*. Because the facts disclose that, under the interstate commerce clauses of the constitution, section 8, article 1, the defendant is not required to have a license, and a federal question is involved. *Third*. Because the state failed to prove that defendant had no license."

Which the court refused; to which refusal the defendant by his counsel duly excepted. No objection is made in this court to the instructions which were given by the trial court.

The sections of the statute under which defendant was convicted are as follows: "Sec. 7211. * * * Whoever shall deal in the selling of patents, patent rights, patent or other medicines, lightning rods, goods, wares or merchandise, except books, charts, maps and stationery, by going from place to place to sell the same, is declared to be a peddler." "Sec. 7212. * * * No person shall deal as a peddler without a license; and no two or more persons shall deal under the same license, either as partners, agents or otherwise; and no peddler shall sell wines or spirituous liquors." Section 7217, provides that there shall be paid on all peddlers licenses a state tax of the following rates: If he carry his goods on one or more horses or others beasts of burden, ten dollars for every period of six months, if with a cart or other land carriage, twenty dollars for every period of six months. Section 7218, provides that every person who shall be found dealing as a peddler

contrary to law or the terms of his license shall forfeit, if in a cart or land carriage $50.

That the defendant was a peddler within the meaning of the statute, and as found by the jury, seems clear and beyond controversy. *State v. Smithson*, 106 Mo. 149. See, also, *State v. Emert*, 103 Mo. 241.

It is insisted by counsel for defendant in their brief and printed argument, *first*, that the goods sold by defendant were in the original package in which the importer shipped them into this state, *second*, that the state failed to prove that the defendant did not have a license. All other questions involved in this controversy they concede were passed upon in the *Smithson case*.

It is urged by counsel for defendant, that at the time the medicine was sold by defendant it was in the original package, just as it was shipped to him by his employer the S. F. Baker Company of the state of Iowa, by whom it was manufactured at Keokuk in that state, and that as agent of that company, they being nonresidents of this state, the statute above quoted is in conflict with that clause in section 8, article 1, constitution of the United States, which provides that congress shall have power "to regulate commerce with foreign nations, and among the several states, and with the Indian tribes." The facts in proof, however, do not sustain this contention.

The defendant testified that the medicine was shipped to him in boxes, that the bottles were separately wrapped and that he sold them separately, and that they came to him by freight on the railroad, in a box. The evidence of the defendant was all there was, with respect of the manner in which the medicine was shipped, which clearly shows that the box and contents constituted the original package, and that, when opened, and the contents separated, the original pack-

age was broken, and that, although composed of a number of bottles separately wrapped, no one of them then became an original package. It is true that, in the absence of any legislation by congress to the contrary, the importer may determine the form and size of his packages he puts up for export or shipment, but he must ship them as they are put up and can not put a dozen or more bottles in the same box, and then claim that each bottle is a separate original package. They do not become a package until made up, or prepared for transportation. *Commonwealth to use v. Schollenberger*, 27 Atl. Rep. 30.

In *Keith v. Alabama*, 10 L. R. A., 431, it is said: "The term 'to pack' in its ordinary signification, especially when used in reference to carriage means to place together and prepare for transportation, as to make up a bundle or bale, and 'package' is a bundle or bale made up for transportation. It may consist of a single article; but, when separate articles are placed together, and prepared for transportation in a bundle, bale or box, or other receptacle, they do not form as many separate and distinct packages as there are articles, though they may be wrapped separately. The case or box or bale in which separate articles are placed together for transportation constitutes the original package in the commercial sense."

The separate wrapping of each bottle seems to have been a mere contrivance so that each bottle might be claimed to be an original package, while the scheme had no tendency whatever to make it such. The court did not therefore commit error in failing to instruct upon that theory of the case.

A final contention is that the state failed to prove that the defendant did not have a peddler's license. If the defendant had a license it was a matter which was particularly within his knowledge, and the rule has

always been in this state that when such a defense is made it devolves upon the defendant to produce his license.    The burden is not upon the state in this respect.    *State v. Edwards*, 60 Mo. 490; *Schmidt v. State*, 14 Mo. 137; *Wheat v. State*, 6 Mo. 456.    The judgment is affirmed.    All of this division concur.