The State v. Snoddy.

THE STATE v. SNODDY, *Appellant*.*

Division Two, May 21, 1895.

1. **Peddler, Who is:** STATUTE. One who goes from place to place in this state for the purpose of offering for sale and who sells sewing machines manufactured in another state and the property of a citizen of the latter state, is a peddler within the meaning of Revised Statutes, section 7211.

* These syllabi were taken from 103 Mo. 241.

2. ———: SALE OF ARTICLES MANUFACTURED IN ANOTHER STATE: LICENSE: PENALTY. A peddler who sells in this state articles manufactured and owned by a resident of another state must procure the license required by law (R. S. 1889, sec. 7212), and failure to do so will render him liable to the penalty imposed by the statute. (R. S. 1889, sec. 7218.)

3. ———: ———: ———: ———. The statutes of this state defining who are peddlers, prohibiting them from dealing as such, without license, and prescribing penalties therefor, make no distinction between articles manufactured and owned by residents of other states and those manufactured and owned by residents of this state, and are not in conflict with section 1 of article 8 of the constitution of the United States delegating to congress the sole power to regulate commerce among the states.

*Appeal from Webster Circuit Court.*—Hon. Argus Cox, Judge.

Affirmed.

*F. M. Mansfield, Dickey & McDowell* and *John J. Cabell* for appellant.

(1) Even if the court had jurisdiction, one sale, even out of samples carried, does not constitute the seller a peddler. *Kansas City v. Collins*, 34 Kan. 436, and cases cited. (2) This was not a case of peddling, but of a commercial agent or traveler over which the state laws have no jurisdiction. *Trenton v. Clayton*, 50 Mo. App. 540; *State v. Hoffman*, 50 Mo. App. 585; *Robbins v. Taxing District*, 120 U. S. 489; *Welton v. Missouri*, 91 U. S. 275; *Ashley v. Texas*, 128 U. S. 129. (3) As the evidence taken as a whole shows the defendant was a drummer he was entitled to his discharge. We cite below several authorities which it is out of our power to verify, as library facilities are limited here, but we have been referred to them as sustaining the position taken in this cause. *Wood v. Maryland*, 12 Wall. 418; *Leloupe v. Court of Mobile*, 116 U. S. 466; *Statenburg v. Henrick*, 129 U. S. 141;

*Leisy v. Hardin*, 135 U. S. 100.   Any state law laying a tax on interstate commerce is against the constitution of the United States, and therefore void.   A drummer, or commercial agent, selling by sample and taking orders, is under the interstate commerce law, and not taxable by any state law, neither can be.   *Sherlock v. Alling*, 93 U. S. 103; *Brown v. Maryland*, 12 Wheaton, 436; *Cook v. Penna.*, 97 U. S. 566; *Ward v. Maryland*, 12 Wall. 418; *Walling v. Michigan*, 116 U. S. 454; *Howe S. M. Co. v. Gage*, 100 U. S. 678; *Tiernan v. Rinker*, 102 U. S. 123; *Robbins v. Taxing Dist.*, 120 U. S. 489.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) Goods sent from one state to another for sale become a part of the general property of the state to which they have been sent, and hence amenable to its laws.   *State v. Emert*, 103 Mo. 241; *Ficklin v. Taxing Dist.*, 145 U. S. 1; *Robbins v. Taxing Dist.*, 120 U. S. 489; *Brown v. Houston*, 114 U. S. 622; *Machine Co. v. Gage*, 100 U. S. 676; *Brown v. Md.*, 12 Wheat. 419; *Hynes v. Briggs*, 41 Fed. Rep. 469; *Com v. Gardner*, 19 Atl. Rep. 550.   (2) The nonresident manufacturing company which owned the machine can not expect or demand greater protection or liberty than is accorded resident dealers; being entitled to equal protection with the resident dealer, it must be subject to the same burdens and restrictions.   *Hynes v. Briggs, supra; Brown v. Houston, supra; Woodruff v. Parkham*, 8 Wall. 123. (3) Defendant Snoddy was a peddler.   *State v. Emert*, 103 Mo. 241; *Machine Co. v. Gage*, 100 U. S. 676. The case of *State v. Emert* has been affirmed by the supreme court of the United States.   Defendant was subject to the same law as other peddlers.   R. S. 1889,

secs. 7211, 7212. (4) The state was not required to prove that the appellant had no license. If the appellant had a license, it was a matter particularly within his knowledge, and if he relied upon it as a defense he should have produced it. *State v. Parsons*, 27 S. W. Rep. (Mo.) 1102; *State v. Edwards*, 60 Mo. 490; *Schmidt v. State*, 14 Mo. 137; *Wheat v. State*, 6 Mo. 455. The rule is, that when the subject-matter of a negative averment lies particularly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. 1 Greenleaf on Evidence [14 Ed.], sec. 79; *State v. Wilson*, 39 Mo. App. 114; *State v. Finn*, 38 Mo. App. 508. (5) The machine sold was not an "original package." *State v. Parsons, supra; Leisy v. Hardin*, 135 U. S. 100; *License Tax Cases*, 3 Wall. 462; *Keith v. State*, 10 L. R. A. (Ala.) 430; *Tracy v. State*, 3 Mo. 3; *State v. Shapleigh*, 27 Mo. 344.

*James Case* and *M. Selph* also for the state.

(1) The circuit court had jurisdiction to try this case. R. S. 1889, secs. 3975, 3971, 7220, 7222. (2) The evidence shows sales. It is not necessary, however, that sales be proven. "The act consists, rather, in the going about, and proof of mere traveling, accompanied with an offer to sell, is, *prima facie*, enough to establish it." 9 Am. & Eng. Encyclopedia of Law, p. 312, and authorities cited. (3) The orders taken for harrows were for the purpose of evading the law. (4) Defendant was a peddler as defined by our statute. He was not selling on orders sent to his house, or sent to his employer, but on his own confession took orders only for the purpose of evading the payment of a peddler's license. "The law will not allow him to do in an indirect way that which he can not do in a direct

way." See *State v. Hoffman*, 50 Mo. App. 585. (5) The offense charged does not come within the interstate commerce law.

BURGESS, J.—Defendant was convicted and fined by the circuit court of Webster county, upon an information filed therein by the prosecuting attorney of said county, charging him with selling goods, wares and merchandise as a peddler, without a license, by going from place to place in said county.

From the judgment imposing a fine on defendant he appealed the case to the St. Louis court of appeals, which was by that court certified to this court because the record presents a constitutional question.

It is shown by the record that defendant was engaged in selling harrows as the agent and traveling salesman of the American Harrow Company, a wholesale establishment located in the state of Michigan. The company shipped their harrows to an agent at Marshfield in said county, by whom a single or sample harrow, as occasion might require, was loaded upon a wagon, and sent out through the county. In some instances the sample harrow would be sold outright; in others the defendant would take a written order for one harrow, and then deliver the one he had in his wagon to the person making the order, thereby completing the sale; at other times he would take the written order from the customer, return to Marshfield, get another harrow, and deliver it to the party giving the order.

Thomas Garner, a witness for the state, testified that defendant sold and delivered to him one of the American harrows in the spring of 1893, for which he paid him $45.

Counsel for defendant contend: *First*, that, under the charge, even if the court had jurisdiction, one

sale, even out of samples carried, did not constitute the defendant a peddler; *second*, that defendant was not a peddler, but a commercial traveler or agent, over whom the courts of the state have no jurisdiction; *third*, that the evidence shows that defendant was only a drummer and not a peddler; *fourth*, that the statutes of this state defining peddlers and requiring them to take out license, in so far as the sale of wares and merchandise manufactured in other states is concerned, is in conflict with section 1 of article 8 of the constitution of the United States delegating to congress the sole power to regulate commerce among the states.

It is sufficient to say without again going over the same ground, that all of these questions were passed upon by this court in an opinion delivered by MACFARLANE, J., in *State v. Emert*, 103 Mo. 241, and each one of them ruled adversely to the contention of defendant. That case has since been affirmed by the supreme court of the United States, and as the facts therein were on all fours with the facts in this case, it is controlling authority in this.

The judgment is affirmed. All of this division concur.