UNITED STATES VETERANS' BUREAU, APPELLANT, v. ARTHUR COX GLENN, BY LEE BRIDGEWATER, GUARDIAN, RESPONDENT.—46 S. W. (2d) 200.

Kansas City Court of Appeals. January 11, 1932.

V. E. Welles and H. L. Songer for appellant.

O. J. Adams for respondent.

ARNOLD, J.—This is an appeal from a judgment of the circuit court approving the overruling of certain exceptions to allowance made by the probate court of Caldwell county to respondent, as guardian of a war veteran.

There is no dispute as to the facts. It appears one Arthur Cox Glenn is a veteran of the United States Army. On September 30, 1918, he was adjudged a person of unsound mind and respondent was appointed his guardian. He qualified and is still acting as such. Compensation and insurance due Glenn by reason of his military service were paid to said guardian from time to time, through the United States Veterans' Bureau. With interest upon the investment thereof, on November 19, 1929, the estate amounted to $15,629.51. There were no other assets.

On said day the respondent filed his annual settlement for the year 1929. The income for the preceding year is shown therein to have been the sum of $1211.34, as compensation and insurance received from the Veterans' Bureau, and the further sum of $786 as interest secured from loans made by him. In this settlement, he credited himself with $60 commission at five per cent on the said $1211.34, and also the further sum of $140, as an allowance by the court for services to date. Simultaneously with the presentation of said settlement reciting such credits, he filed a petition in said probate court stating he had deducted as his commission five per cent of the said $1211.34, and alleging that this sum did not compensate him for his services as guardian in the management and preservation of the estate; in keeping the money properly invested, and praying, by reason thereof and the trouble incident to the care of the person of said ward, he should be allowed the sum of $140,

676

"in addition to the commission on money received." This allowance was also made by the probate court.

Authority for the intervention by the United States Veterans' Bureau and its regional attorney, in behalf of the ward, upon the matters of filing the exceptions and the taking of the appeals herein, is found in the World War Veterans' Act as amended by Congress May 29, 1928, Section 450, Title 38, U. S. Code.

The Veterans' Bureau, on January 13, 1930, filed its exceptions in the probate court, based on the sole ground that the combined allowances of $200 exceeded five per cent of the funds received by the estate during the year for which the accounting was made. The probate court overruled the exceptions. An appeal was then duly perfected, as heretofore stated, to the circuit court, where such exceptions were again overruled and the action of the probate court approved. Upon trial to the circuit court upon appeal, in addition to the introduction in evidence of the various settlements of the guardian, filed with the probate court, respondent testified at length with respect to his services which included the securing and looking after certain real estate loans, their renewal, the collection of interest thereon, and the receipt of the insurance and compensation payments from the United States.

It further appears that in the early part of the year 1929, the ward escaped from the Veterans' Hospital at Sheridan, Wyoming, where he had been confined. In connection therewith, respondent endeavored by telegraph, telephone and letters to locate him, in which effort he was successful. Thereafter, Glenn's mother and brother at Kingston, Missouri, were entrusted with his custody but respondent, as guardian, continued to exercise daily supervision over him. Respondent made a trip to Sheridan, Wyoming, to return his ward to the Veterans' Hospital. However, in this connection the record discloses he charged for and was allowed expenses in the sum of $185.41. This amount included an allowance at the rate of $6 per day to himself in lieu of an attendant. No contention is made by the Veterans' Bureau as to this allowance.

In this State of the record appellant urges five assignments of error which may properly be combined under one point. It is apparent the only question involved is the authority of the probate court, in view of section 607, Revised Statutes 1929, to make an allowance in excess of five per cent of the year's income received, belonging to the ward. Said section reads as follows:

"Compensation allowed to guardian of such persons entitled to money benefits under United States Veterans' Bureau shall not exceed five per cent of the income of a ward during any year."

Since it is conceded respondent is the guardian of a person receiving money benefits from the Veterans' Bureau, under the plain pro-

visions of the statute, he could not be allowed more than five per cent of the income of his ward during the accounting year. Respondent asked and, in respect to the item of $1211.34, received an allowance in the sum of $60. The amount of $140 also was allowed him, both by the probate court and the circuit court for ''additional services.'' No consideration apparently was accorded the amount of $786, which was income derived from the investment of previous moneys, five per cent of which would have been the sum of $39.30.

Notwithstanding our State statute, it is respondent's contention that his allowance is governed by section 11 of the Uniform Veterans' Guardianship Act, to which he refers as an ''Act of Congress,'' controlling upon the subject-matter hereof. Said section reads as follows:

''Compensation payable to guardians shall not exceed five per cent of the income of the ward during any year. In the event of extraordinary services rendered by such guardian the court may, upon petition and after hearing thereon, authorize additional compensation therefor payable from the estate of the ward. Notice of such petition and hearing shall be given the proper office of the Bureau in the manner provided in section 9. No compensation shall be allowed on the corpus of an estate received from a preceding guardian. The guardan may be allowed from the estate of his ward reasonable premiums paid by him to any corporate surety upon his bond.''

We are unable to determine where reference to this section in any way aids respondent's position. The Uniform Veterans' Guardianship Act is not an Act of Congress, nor is it a law of the United States, or of the State of Missouri. It is a draft of a proposed act submitted to and approved by the American Bar Association, and by that body recommended for enactment by the various states in connection with the question of fees and the mode and manner of handling guardianship affairs in cases coming within the purview of the Veterans' Bureau. Missouri did not adopt such act, but enacted in lieu thereof section 607, Revised Statutes 1929, quoted supra. Counsel for respondent has inadvertently added to this court's burden by treating the proposed draft as an Act of Congress. Had he attempted to cite the volume and page of the ''Act'' in his brief, as is customarily done to relieve the labors of this court, this inadvertence would readily have been avoided.

Our attention also is directed to section 436, Revised Statutes 1929, which, in so far as applicable, reads:

''Compensation, Resignation and Removal—Guardians and curators shall receive such compensation for their services as the court shall decide will be just and reasonable . . .''

This was the statutory authority relative to guardianship fees in general at the time section 607, supra, was passed. It is our duty to reconcile such statutes, if possible, or if repugnant to each other, then to conclude that the later enactment supersedes the general section in so far as such conflict exists. However, we are of the opinion that these two sections may, and should be, construed together. Thus interpreted, in cases having to do with incomes derived through the Veterans' Bureau, the probate court can, in no event, allow just and reasonable fees in excess of five per cent of the income of the estate during the calendar year. In so holding we do not intend to rule that in all cases a fee or commission of five per cent of the amount received by the guardian during the accounting period shall be paid to him; to the contrary, the court is only authorized to allow a sum which may be just and reasonable under the circumstances presented, but in no event to exceed the limitation of five per cent fixed by the statute. What may be a just and reasonable compensation must vary, of course, with the facts in each particular case.

It is urged, in this connection, that the matter of allowances is controlled by section 5331 of the Regulations of the Director of the Veterans' Bureau, promulgated under authority of the World War Veterans' Act, supra, a copy of which has been filed in this court. Examination of such regulations reveals they are merely recommendations and a statement of the policy of the department, and cannot, nor do they purport to control the amount of compensation allowable by a state court to a guardian. [In re Strozyk's Guardianship, 156 Wash. 233, 286 Pac. 646; Bagwell v. McCombs, 31 S. W. (2d) 835.]

Viewing the foregoing, we now come to a consideration of the question of the propriety of the court allowing the maximum compensation called for by the statute, under the circumstances disclosed by the record; that is to say, did the court err in finding the maximum allowance to be fair and reasonable? Respondent seems to be laboring under the impression that he is entitled, as a matter of course, to a charge of five per cent "as commission" upon the Government payments to his ward. He so terms it in his settlement and his petition for allowance. As a matter of common knowledge these checks from the Government come regularly by mail. We have grave doubts whether a compensation of five per cent thereof, merely for the service of receiving and depositing the same, would not be considered unfair, unreasonable and excessive. However, in the instant case it appears that during the accounting year the respondent, as guardian, rendered other services to his ward, as hereinbefore set forth. We have therefore decided to defer to the conclusions of both the probate and circuit courts that the services rendered

merited compensation to the full extent of the allowable maximum. We are further constrained so to rule by the fact that exceptions filed by appellant in the courts below are not sufficient to raise the point calling for a determination of this particular question upon this appeal; although respondent, in his brief says that such matter is presented for review.

The respondent in this case appears to have been conscientious and loyal to his trust, and the conclusion may be indulged that he served his ward well and saw to his personal needs by lodging him in a Veterans' Hospital; the estate has been properly conserved and increased and at all times he displayed a deep personal concern for his ward's welfare. Therefore nothing said herein is to be construed as being in any wise derogatory to respondent. The record shows that he has been an exemplary guardian. However, he must accept his trust and perform his services with no expectation of material reward greater than the maximum allowance fixed by the statute, supra, in this peculiar class and character of guardianship. The purpose of State and Federal legislation is obvious respecting the administration of veterans' funds. The concern of national and local government is evidenced by these legislative expressions. Moneys of the disabled veterans should be expended insofar as possible for their direct needs and comforts, with little diversion for administration costs and fees. Accordingly such legislation must be construed and applied broadly and liberally toward this end. The sick and helpless veterans have need of every dollar alloted to them. Such pitiful cases as the ward herein (and there are no doubt numerous others) require sympathetic consideration. All comforts and benefits which allowances made to them may procure should be conserved at least insofar as provided by law.

We rule, considering the law as written, that it is beyond the jurisdiction of the courts to make an allowance in excess of five per cent of the total income received by the guardian, accruing to his ward's estate. Respondent was allowed $60, as commission upon amounts remitted to him by reason of insurance and compensation. Under the facts of record, he is entitled to an additional five per cent on the amount of $786 coming into his hands as interest upon the investments made by him on behalf of his ward, or the additional sum of $39.30. If, therefore, within ten days from the filing of this opinion, respondent will remit the sum of $100.70, in which amount the total allowances as made are excessive, the judgment of the circuit court will be affirmed; otherwise the judgment will be reversed and the cause remanded for further proceedings in conformity with this opinion. It is so ordered.