VETERANS ADMINISTRATION, FORMERLY UNITED STATES VETERANS BUREAU, APPELLANT, v. CLARENCE C. BOLES, INCOMPETENT, R. S. HOGAN, GUARDIAN, RESPONDENT.—61 S. W. (2d) 757.

Springfield Court of Appeals. June 19, 1933.

1024

*V. E. Willis* and *H. L. Songer* for appellant.

*H. D. Green* and *A. W. Landis* for respondent.

SMITH, J.—This is an appeal from a judgment of the circuit court dismissing an appeal from the Probate Court of Oregon County. The probate court had overruled exceptions to an annual settlement filed in said court by R. S. Hogan, guardian of a war veteran.

The facts are simple. Clarence C. Boles is a veteran of the United States Army. He was adjudged insane by the Probate Court of Oregon County, Missouri in September, 1922, and Dora Boles, his mother, qualified as his guardian in said court and acted as his guardian until in August, 1930, when she resigned, and R. S. Hogan was appointed at that time and has been the duly acting guardian since his appointment.

The record before us is rather incomplete, but from compensation and insurance, one or both, due Clarence C. Boles, the guardian had received and had in his possession on August 11, 1931, $12,518.04 belonging to the veteran. The record before us does not show what amount of this, if any, was received from the former guardian at the time of Hogan's appointment, nor does the record show what amount had been received by him within the year preceding the annual settlement in question, but the exceptions state that "Clarence C. Boles is now receiving and for a number of years has received benefits from the Veterans Bureau, now the Veterans Administration, and that this estate was derived in this manner."

In his annual settlement filed in the probate court on August 11, 1931, R. S. Hogan as guardian took credit for and charged the estate

with five per cent of $12,518.04 as his commission, amounting to $625.90.

On February 1, 1932, the Federal Adminstration through its attorney filed in the probate court the following exceptions to the charge of the guardian, caption and signature omitted:

"Comes now H. L. Songer, acting regional attorney, Veterans Administration, and duly authorized attorney of Frank T. Hines Administrator of the Veterans Administration, with offices at Kansas City, Jackson County, State of Missouri, an interested party, in accordance with Section 21 (2) of an Act of Congress known as the World War Veterans Act (U. S. Statutes, Volume 44, Part 11, page 792) as amended by the Act of May 29, 1928 (Public 585, 70th Congress) which, in part, provides as follows:

" 'Section 21 (1) That where any payment under this Act is to be made to a minor, other than a person in the military or naval forces of the United States, or to a person mentally incompetent, or under other legal disability adjudged by the court of competent jurisdiction, such payment may be made to the person who is constituted guardian, curator, or conservator by the laws of the state of residence of claimant; or is otherwise legally vested with the care of the claimant or his estate. . . .'

" ' (2) Whenever it appears that any guardian, curator, conservator, or other person is not in the opinion of the director properly executing the duties of his trust or has collected or is attempting to collect fees, commissions, or allowances that are inequitable or are in excess of those allowed by law for the duties performed or expenses incurred, or has failed to make such payments as may be necessary for the benefit of the ward or the dependents of the ward, then and in that event the director is hereby empowered by his duly authorized attorney to appear in the court which has appointed such fiduciary and make proper presentation of such matters to the court; Provided, that the director in his discretion may suspend payments to any such guardian, curator, conservator, or other person who shall neglect or refuse, after reasonable notice, to render an account to the director from time to time showing the application of suc' payments for the benefit of such minor or incompetent beneficiary.'

"Section 606 of the Revised Statutes, State of Missouri, is as follows:

" 'Sec. 606. Bureau to have notice, when—In all cases wherein a guardian has been appointed, or may hereafter be appointed under the laws of this State, for any person entitled to money benefits from the United States veterans' bureau, said bureau may enter its appearance in writing, providing it maintains an office in this State and thereafter shall be entitled to ten days' notice of all applications, citations, notices, motions, petitions, annual settlements, or final settlements filed by any person in such cases. Said notice so

required shall consist of a copy of such pleading filed, together with a statement containing the date the matter is set for hearing, and shall be mailed by registered letter to the official of the United States veterans' bureau whose name and address is contained in the entry of appearance. The probate court shall not take up for hearing any pleading so filed until proof of the service of such notice has been made.'

"Section 607 of the Revised Statutes, State of Missouri, reads as follows:

" 'Sec. 607. Compensation of Guardians—The compensation allowed to guardians of such persons entitled to money, benefits from the United States veterans bureau shall not exceed five per cent of the income of a ward during any year.'

"Your petitioner further advises the court that Clarence C. Boles is now receiving and for a number of years has received benefits from the Veterans Bureau, now the Veterans Administration, and that this estate was derived in this manner.

"Your petitioner respectfully shows that R. S. Hogan, on the 14th day of August, 1930, was duly appointed guardian of the person and estate of Clarence C. Boles, an insane person, by the Probate Court of Oregon County, Missouri; that from and since that date R. S. Hogan has been exercising his duties as guardian of the person and estate of Clarence C. Boles; that entry of appearance in writing has been entered in this case as provided by sections 605 to 607 of article 22 of the Revised Statutes of Missouri, 1929; that your petitioner objects and excepts to the account of R. S. Hogan examined, approved and filed the 11th day of August, 1931, and recorded in Book 5 at page 251, for the reason that this administration was not served with notice as provided by section 606 of the Revised Statutes of Missouri, 1929; that the item of the guardian's commission as shown and allowed in said report, 'May 11, 1921, by guardian's commission, five per cent on $12,518.04, $625.90, is improper and contrary to law; that said guardian's commission is unreasonable and improper and the court was without authority to allow a commission in the amount of $625.90; that in cases of this kind when the estate is derived from the Veterans Administration the probate court can in no event allow just and reasonable fees in excess of five per cent of the income of the estate during the calendar year; that the income of this estate was not $12,518.04 during the calendar year.

"Therefore, the court erred in allowing the excess commission. From the facts shown in this case it is believed that a fee of five per cent of the income of the estate during the year would be unfair, unreasonable and excessive for the work done by the guardian.

"Wherefore, your petitioner objects and excepts to the allowance of $625.90 as commission to the guardian for the reasons above

stated and requests this court to issue an order to show cause why the compensation of said guardian should not be reduced to a sum considered fair and reasonable, taking into consideration services performed by this guardian, and that said guardian be charged with the difference between the amount found by the court to be fair and reasonable and within the law of this State and the amount of $625.90 with which the guardian is credited in his accounting above described.''

A hearing was had on the exceptions in the probate court on February 25, 1932, at which time the exceptions were overruled, and the administration appealed to the circuit court. On April 4, 1932 a transcript of the proceedings in the probate court was filed with the clerk of the Circuit Court of Oregon County, which transcript, omitting caption and certificate is as follows:

''On this 1st day of February, 1932, comes H. L. Songer, Acting Regional Attorney, Veterans Administration, and duly authorized attorney of Frank T. Hines, Administrator of the Veterans Administration an interested party under the law, and files exceptions to the accounting of R. S. Hogan, guardian of Clarence C. Boles, incompetent, and , among other things states that the item of said guardian's commission in the estate of said incompetent as shown and allowed in report dated August 11, 1931, by guardian's commission on $12,518.04, $625.90 is improper and contrary to law; that a day for hearing said exceptions was set February 25, 1932, and due notice thereof given to both parties, and on said 25th day of February, 1932, this cause coming on to be heard, both parties appearing in person and announcing ready and the matters in issue being submitted to the court, who after hearing the evidence adduced and argument of counsel and being fully advised in the premises find the issues for the guardian and overrules the said exception, and allows said allowance to stand as originally allowed in the report of the guardian of which exceptor claims to have no notice at the time of said allowance and on this 25th day of February, 1932, comes said H. L. Songer and files affidavit for appeal herein which is considered by the court, and an appeal herein allowed to the Circuit Court of Oregon County, Missouri.

''Fees:

| | |
|---|---|
| ''Filing, docketing. | $1.10 |
| ''Hearing the cause. | .50 |
| ''Filing this transcript. | 2.15 |
| | $3.75'' |

On the 15th day of July, 1932, before Honorable JOHN E. DUNCAN, who had been selected as special judge to hear this cause, the guardian filed the following motion to dismiss the appeal:

"Comes R. S. Hogan, guardian of Clarence C. Boles, an incompetent person and moves the court to dismiss the appeal attempted to be taken in this action for the following reasons, to-wit:

"1st. Because this court has no jurisdiction to hear this cause.

"2nd. Because at the time of the appointment of R. S. Hogan as guardian of said incompetent and at the time of the presentation and approval of his settlement in which he was allowed the compensation complained of in the exceptions to said settlement the U. S. Veterans Bureau had not filed its entry of appearance in said cause in the Probate Court of Oregon County, Missouri, and was therefore not a proper party, and is not now a proper party to this action.

"3rd. Because said affidavit for appeal was filed more than ten days after the adjournment of the term at which the final order approving said settlement and allowing said compensation was made.

"4th. That the pretended exceptions to said settlement were filed more than ten days after the final adjournment of the term at which said order allowing said compensation and approving said settlement was made and entered of record.

"Wherefore, R. S. Hogan, guardian of Clarence C. Boles, an incompetent, prays that said appeal be dismissed."

The court sustained the motion to dismiss the appeal, and the administrator has appealed to this court.

The case is submitted to us on the following agreed statement of facts:

"Attorneys for plaintiff and defendant here, have agreed upon the following facts:

"That R. S. Hogan is the acting guardian of Clarence C. Boles, an insane person; that he was duly appointed by the Probate Court of Oregon County, Missouri, on the 14th day of August, 1930.

"That the estate of Clarence C. Boles consisted of funds derived from the United States Government, under the War Veterans Act.

"That on the 11th day of August, 1931, R. S. Hogan filed in the Probate Court of Oregon County, Missouri, his first annual settlement of said estate; that in said settlement there was an allowance of fees for said guardian.

"That subsequent to January 27, 1932, the Veterans Bureau filed exceptions to said settlement; that on February 25, 1932, the said exceptions were overruled by the Probate Court of Oregon County, and that an affidavit of appeal from said settlement was filed in the Probate Court of Oregon County, on the 25th of February, 1932, and appeal granted to the Circuit Court of Oregon County, Missouri.

"That February 25, 1932, was the day set for hearing said exceptions, by the Probate Court of Oregon County, Missouri, and both parties being present at said time, by counsel."

It was also admitted that the Veterans Bureau received a copy

of the settlement filed by R. S. Hogan, and there was no denial that Hogan charged the estate five per cent of $12,518.04, amounting to $625.90.

While there is some language in the above agreed statement of facts that might be construed as if the appeal from the probate court was an attempt to appeal from the annual settlement, but it can be nothing more than an appeal from the order of the probate court in overruling the exceptions filed. The exceptions were filed on February 1, 1932, and a hearing was had on February 25, 1932, at which hearing both parties appeared, and the exceptions were overruled on that day, and the transcript of judgment of the probate court shows that an appeal was taken on that date. It was this appeal from the order of the probate court that the trial court dismissed, and it is our conclusion that the circuit court erred in dismissing the appeal.

Both parties in their briefs assert that no appeal lies in this State from an annual settlement. There might be some certain circumstances when an appeal would be allowed from an annual settlement, a point we are not deciding here, but we are holding that this appeal to the circuit court is from the order overruling the exceptions filed, and that was such an order from which an appeal will lie. [Section 292, R. S. Mo. 1929; Section 1938, R. S. Mo. 1929; Section 606, R. S. Mo. 1929; Leahy v. Mercantile Trust Co. (Mo. Sup.), 247 S. W. 396; In re McMenamy's Guardianship (Mo. Sup.), 270 S. W. 662.]

The Veterans' Administration has authority from the World War Veterans' Act, and also from decisions of our courts to intervene in behalf of the ward. In the case of United States Veterans' Bureau v. Glenn, 46 S. W. (2d) 200, 201, we have this language in point.

"Authority for the intervention by the United States Veterans' Bureau and its regional attorney, in behalf of the ward, upon the matters of filing the exceptions and the taking of the appeals herein, is found in the World War Veterans' Act as amended by Congress May 29, 1928, section 450, title 38 United States Code (38 U. S. C. A., Par. 450)."

Section 607, Revised Statutes of Missouri 1929, is very specific as to compensation allowed to guardians of veterans. This section provides that such compensation "shall not exceed five per cent of the income of a ward during any year."

We hold that the circuit court had jurisdiction of this case on appeal, and that it was its duty to hear the complaint or exceptions of the Veterans Administration, and determine if the guardian had charged an amount in excess of five per cent of the income of the ward for the year for which the guardian was making settlement. [See United States Veterans' Bureau v. Glenn, supra.]

The judgment should be reversed and the cause remanded to tne circuit court there to be proceeded with as herein suggested. It is so ordered. *Allen, P. J.,* and *Bailey, J.,* concur.