Frank T. Hines, Administrator of Veterans' Affairs, Appellant, v. C. H. Hook, Guardian of Gerald Schrader.—89 S. W. (2d) 52.

Division One, December 18, 1935.

*Ray J. Cunningham* for appellant.

*Frank P. Baker* for respondent.

COLLET, J.—On January 14, 1922, Gerald Schrader, a veteran of the World War, was adjudged to be a person of unsound mind by the Probate Court of Callaway County. A guardian was duly appointed to administer his estate which consisted of compensation and insurance received and to be received from the United States Government by reason of his military service to his country. On May 10, 1932, respondent C. H. Hook, as such guardian, filed his annual settlement which included an item of $127.80 as compensation to the guardian. This sum represented an allowance of one per cent of the gross amount of the estate of $12,780.35. Appellant, Administrator of Veterans' Affairs (hereinafter referred to as the Administrator), acting pursuant to the provisions of Section 450, 38 Statute United States Code Annotated as amended, and Section 606, Revised Statutes 1929, filed a written exception to this allowance on the ground that Section 607, Revised Statutes 1929, fixed the guardian's compensation at not to exceed five per cent of the income for the year preceding the settlement. Respondent filed a motion to strike the exception. After a hearing this motion was sustained and the allowance approved. Appellant appealed to the Circuit Court of Callaway County where the case was tried upon the record of the probate court and the facts agreed to in the following stipulation:

"It is stipulated and agreed between the parties hereto as follows:

"That C. H. Hook is the duly appointed, qualified and acting guardian and curator of the person and estate of Gerald Schrader, and as such guardian and curator he filed his 5th annual settlement in the Probate Court of Callaway County, Missouri, at the May, 1932, term; that Frank T. Hines, as Administrator of Veterans' Affairs, filed exceptions to the allowance of the guardian's commission at one per cent of the gross estate; that the guardian filed a motion to strike out the exceptions and upon a hearing the motion to strike out was sustained and the settlement of the guardian was approved; that Frank T. Hines, as Administrator of Veterans' Affairs, appealed from such order to the Circuit Court of Callaway County, Missouri.

"It is further agreed that the only contention between the appellant and appellee is the amount of commission to be received

by the guardian. The appellant contends that under Section 607, Revised Statutes of the State of Missouri for the year 1929, the guardian is limited to five per cent of the total receipts received by the guardian during the last calendar year prior to his report; the guardian contending that said section is unconstitutional and that he is entitled to a reasonable compensation which is one per cent of the gross estate, and it is agreed that if said section is unconstitutional, the amount charged by the guardian is reasonable.

"It is agreed that the guardian does receive money benefits from the United States Veterans' Bureau.

"The parties hereto shall be permitted to file briefs in support of their contention; and the settlement, the exceptions filed thereto, and the motion to strike out the exceptions shall be considered in evidence."

The circuit court approved the allowance. After unsuccessful motion for new trial the administrator appealed to this court. We have jurisdiction by reason of the fact that the constitutionality of Sections 605, 606 and 607, Revised Statutes 1929, is involved. Those statutes, enacted by the Fifty-fifth General Assembly as one act and now constituting Article XXII, Chapter 1, Revised Statutes 1929, are as follows:

"Sec. 605. Procedure for commitment to U. S. Veterans' bureau hospital.—Whenever it appears that a veteran of any war, military occupation or expedition is eligible for treatment in a United States veterans' bureau hospital and commitment to such hospital is necessary for the proper care and treatment of such veteran, the courts of this state are hereby authorized to communicate with the official in charge of such hospital with reference to available facilities and eligibility, and upon receipt of a certificate from the official in charge of such hospital the court may then direct such veteran's commitment to such United States veterans' bureau hospital. Thereafter such veteran upon admission shall be subject to the rules and regulations of such hospital and the officials of such hospital shall be vested with the same powers now exercised by superintendents of state hospitals for mental diseases within this state with reference to the retention of custody of the veteran so committed. Notice of such pending proceedings shall be furnished the person to be committed and his right to appear and defend shall not be denied.

"Sec. 606. Bureau to have notice, when.—In all cases wherein a guardian has been appointed, or may hereafter be appointed under the laws of this state, for any person entitled to money benefits from the United States veterans' bureau, said bureau may enter its appearance in writing, providing it maintains an office in this state, and thereafter shall be entitled to ten days' notice of all applications, citations, notices, motions, petitions, annual settlements, or final settlements filed by any person in such cases. Said notice so re-

quired shall consist of a copy of such pleading filed, together with a statement containing the date the matter is set for hearing, and shall be mailed by registered letter to the official of the United States veterans' bureau whose name and address is contained in the entry of appearance. The probate court shall not take up for hearing any pleading so filed until proof of the service of such notice has been made.

"Sec. 607. Compensation of guardians.—The compensation allowed to guardians of such persons entitled to money benefits from the United States veterans' bureau shall not exceed five per cent of the income of award during any year." [The word "award" in Sec. 607 was corrected to read "a ward" by Laws 1935, p. 187.]

Three questions are presented: (1) Is there any right of appeal in a proceeding of this character? (2) Has appellant an interest in the subject matter of the action sufficient to authorize him to maintain this appeal? (3) Are Sections 605, 606 and 607, Revised Statutes 1929, valid?

Respondent takes the position that the appeal to the circuit court being one from an annual settlement was unauthorized. Many authorities are cited which hold in effect that annual settlements are not judgments (Sheetz v. Kirtley, 62 Mo. 417; West v. West, 75 Mo. 204; Picot v. Biddle, 35 Mo. 29; Folger v. Heidel, 60 Mo. 284) and that no appeal will lie therefrom. [In re Wickard's Estate (Mo. App.), 282 S. W. 173; In re Settlement of Barnes, 43 Mo. App. 295; North v. Priest, 81 Mo. 561.] The identical argument was advanced in Veterans' Administration v. Boles, 61 S. W. (2d) 757, decided by the Springfield Court of Appeals. In that case the court said:

"Both parties in their briefs assert that no appeal lies in this State from an annual settlement. There might be some certain circumstances when an appeal would be allowed from an annual settlement, a point we are not deciding here, but we are holding that this appeal to the circuit court is from the order overruling the exceptions filed, and that was such an order from which an appeal will lie. [Sec. 292, R. S. 1929 (Mo. Stat. Ann., sec. 292); Sec. 1938, R. S. 1929 (Mo. Stat. Ann., sec. 1938); Sec. 606, R. S. 1929 (Mo. Stat. Ann., sec. 606); Leahy v. Mercantile Trust Co., 296 Mo. 561, 247 S. W. 396; In re McMenamy's Guardianship, 307 Mo. 98, 270 S. W. 662.]"

We think the conclusion reached by the Court of Appeals is correct. [See, also, In re Peper v. Bell, 286 Mo. 126, l. c. 137, 226 S. W. 550, and State ex rel. Goodloe v. Wurdeman, 286 Mo. 153, l. c. 158, 227 S. W. 64.]

Respondent contends that appellant had no authority to appeal. Section 284, Revised Statutes 1929, after setting out the character

of cases in which appeals shall be allowed from the probate courts, proceeds as follows:

"And the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration."

In Goodloe v. Wurdeman, supra, we held that the word "interest" as used in the clause "or other person having an interest in the estate under administration" means a pecuniary interest (l. c. 161). Hence, as appellant is not an heir, devisee, legatee or creditor, the problem contracts to a determination of whether he has a financial interest in the estate under administration.

This question has been before the Springfield Court of Appeals in the Boles case, supra, and the Kansas City Court of Appeals in the earlier case of United States Veterans' Bureau v. Glenn, 226 Mo. App. 674, 46 S. W. (2d) 200. Apparently in neither case was the point pressed. In the Glenn case the court briefly noted the question in the following language:

"Authority for the intervention by the United States Veterans' Bureau and its regional attorney, in behalf of the ward, upon the matters of filing the exceptions and the taking of the appeals herein, is found in the World War Veterans' Act as amended by Congress May 29, 1928, Section 450, Title 38, U. S. Code (38 U. S. C. A., sec. 450)."

In the Boles case the court merely quoted the above excerpt from the Glenn case as decisive of the question. We do not understand that the right of appeal from one state court to another may be determined by an Act of Congress, hence if appellant has that right it must be derived from the Missouri Statute Law. Does the fact that the National Government has created the estate which is in the nature of a trust fund (38 U. S. C. A., secs. 422 and 450), has designated the administrator as the proper officer to see that the purpose of the trust is carried out (38 U. S. C. A., secs. 425, 426), has charged him with that duty and has authorized him to go into the state courts for that purpose (38 U. S. C. A., sec. 450 as amended), coupled with the act of the Missouri Legislature (Sec. 606, supra) which recognizes appellant's interest by authorizing him to enter his appearance in proceedings in the probate court relating to such estates, vest him with the pecuniary interest necessary under our statute to authorize this appeal?

The Supreme Court of Appeals of Virginia determined this question under a statute very similar to ours in United States Veterans' Bureau v. Thomas, 159 S. E. 159. That court said, l. c. 161:

"In this case it is apparent that the entire estate of the incompetent consists of this compensation, and nothing else. If this be true, his entire estate is derived solely from the Veterans' Bureau. It is the donor of the fund or gratuity. It is interested to see that the fund is used for the benefit of the incompetent. . . .

"The Veterans' Bureau, not having a direct beneficial interest in the estate of the incompetent, may not be an 'interested party' in the limited and technical sense, yet it is the source of the fund, materially interested in performing its duty and paying it over to a proper committee. The fact that it made the award in this case shows that it is, in reality an 'interested party' and has the right to ask for the removal of the committee.

"Under Section 5417 of the Code, the court has the power to remove a fiduciary 'on evidence adduced before it by any party interested . . . or whenever from any cause it appears proper, revoke and annul his powers.' . . .

"Our conclusion is that the Veterans' Bureau is a 'party interested' and is entitled to maintain and prosecute this notice; that the General Assembly has recognized the Veterans' Bureau as an 'interested party' by the passage of Section 1050a of the Code. . . ."

We are of the opinion that appellant had sufficient interest to prosecute the appeal.

The constitutionality of Article XXII, Chapter 1, Revised Statutes 1929, which consists of Sections 605, 606 and 607, supra, is attacked upon the ground that it is indefinite and uncertain, is local and special in character and constitutes arbitrary class legislation prohibited by paragraphs 17, 21, 26 and 32 of Section 53, Article IV and Sections 34 and 35 of Article VI of the Missouri Constitution and Amendment Fourteen to the Constitution of the United States.

While the language used in this act may not measure up to the standards of an accomplished linguist yet it is understandable and cannot be said to be so indefinite or uncertain as to be unworkable. Therefore it will not be held invalid for indefiniteness or uncertainty. [State v. Whitaker, 160 Mo. 59, 1. c. 68, 60 S. W. 1068; State ex rel. Sekyra v. Schmoll, 313 Mo. 693, 1. c. 703, 282 S. W. 702.]

That part of Amendment Fourteen to the Federal Constitution reading as follows:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws"—has been construed to prevent the enactment of state statutes which make any unreasonable or arbitrary discrimination between different persons or different classes of persons. [12 C. J. 1128; Union Sewer Pipe Co. v. Connelly, 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679.] Neither the Federal Constitution or Section 53, Article IV of the Missouri Constitution prevents the making of reasonable classifications of persons or things for the various purposes of legislation. [Andrus v. Ins. Assn., 168 Mo.

151, l. c. 162, 67 S. W. 582; State ex inf. v. Standard Oil Co., 218 Mo. 1, l. c. 368, 116 S. W. 902.] If there is a reasonable ground for the classification and the law operates equally on all within the same class it is valid. [12 C. J. 1128; State ex inf. v. Standard Oil Co., supra, l. c. 369; Embree v. Road District, 257 Mo. 593, l. c. 616, 166 S. W. 262; State v. Webber, 214 Mo. 272, 113 S. W. 1054.] The question of classification being primarily one for the Legislature it is the duty of the courts to sustain it if there is any reasonable basis for the classification. [Hawkins v. Smith, 242 Mo. 688, 147 S. W. 1042; State ex rel. v. Railroad, 246 Mo. 512, 152 S. W. 28.] An act of the Legislature should not be declared unconstitutional unless it appears beyond a reasonable doubt that it is in contravention of the Constitution. [State v. Webber, supra, l. c. 279.] Measured by these rules we have no hesitancy in holding that this statute is not class legislation of the prohibited variety. It would have been impracticable if not impossible to have made the act more general and at the same time restrict its application to the class of persons to which it is intended to apply. The facts in this case distinguish it from the cases of Sams v. St. L. & M. R. Ry. Co., 174 Mo. 53, 73 S. W. 686; Lige v. Chicago, B. & Q. Railroad Co., 275 Mo. 249, 204 S. W. 508; Ex parte French, 315 Mo. 75, 285 S. W. 513, and City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. (2d) 1, cited by respondent.

Counsel does not assign any reason for the assertion that this statute conflicts with Sections 34 and 35 of Article VI of the Constitution. No authority is cited in support of that assertion. Under these circumstances this point will not be considered.

Although the record indicates that the guardian has been faithful in a high degree to the trust imposed in him and is efficiently administering the estate of his ward, yet it must follow from what has been said above that the compensation allowed exceeded the maximum amount permitted by the statute. The judgment will therefore be reversed and the cause remanded for further proceedings in accord with the views herein expressed. It is so ordered. All concur.